## HIGGINS *v.* STRONG and Others.

The exclusive right of property in the invention of, or improvement on, any new and useful art, machine, &c., is the creature of statutory law, and must be strictly regulated by its provisions.

The assignment of a patent-right is not valid, unless the assignment be recorded in the office of the secretary of state of the *United States;* and a note given to an assignee for such a right, whose assignment had not been so recorded, is invalid for the want of consideration.

*Saturday, December 24.*

ERROR to the *Henry* Circuit Court.

DEWEY, J.—Debt by the assignee of a promissory note against the makers.  Plea, that the note was given in consideration of the sale, by the plaintiff's assignor, the payee of the note, to defendants, of the right to use and vend, within the territory of *Michigan, Stagnor's* patent truss for curing hernia; the seller representing himself to be the assignee of *Stagnor* of the patent-right, and that he had good right and authority to sell the same.  The plea then avers, that "he had not procured his assignment of the patent truss to be recorded in the office of the secretary of state of the *United States*," wherefore he had no right to sell, &c., and that the note was without consideration and void.  General demurrer, and judgment for the defendants.

The question for us to decide is,—whether the recording an assignment of a patent-right in the office of the secretary of state of the *United States*, is essential to its validity?  If it is, it follows, of course, that the payee of the note in question was not the legal assignee of *Stagnor*, and that by his sale to the defendants of the right to use and vend the truss nothing passed; and that the note is, therefore, invalid for the want of consideration.

By the act of congress of *February* 21st, 1793, 4th section, it is provided that "it shall be lawful for any inventor, his executor, or administrator, to assign the title and interest in said invention at any time; and the assignee having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor, both as to right and responsibility; and so the assignees of assigns, to any degree." Whether the exclusive property of authors in their literary productions, after publication, is of common law or statutory origin, has been debated with great zeal, learning, and ability, both in this country and *England*. The better opinion in the *United States* seems to be, that the right is of the latter character; and it has been decided that the copyright is forfeited, unless every requisition of the statutes regulating it is observed. 8 Peters' Rep. 664, 665. *Wheaton & Donaldson* v. *Peters & Grigg*. But that the exclusive right of property in the invention of, or improvement on, "any new and useful art, machine," &c., is the creature of statutory law, and must be strictly regulated by its provisions, has never been doubted.

If the patentee fail to observe all the pre-requisites prescribed by the statute, his right is defeated. Nor can his assignee acquire any right to his invention, unless he complies with the mode of assignment pointed out by the law authorising the transfer. In the case before us, this has not been done. The record informs us, that the assignment of the patentee had not been recorded in the office of the secretary of state of the *United States*. This was essential to the validity of the title of his assignee; and without it, he could invest no right in the purchaser of his claim. 8 Mass. Rep. 46.—4 Mason's Rep. 15.

The plea is a bar to the action, and the demurrer was properly overruled.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*C. B. Smith*, for the plaintiff.

*O. H. Smith*, *J. Rariden*, and *J. S. Newman*, for the defendants.