BOYD (BUTTERFIELD v.). See Case No. 2,250.

BOYD (DAWSON v.). See Case No. 3,667.

BOYD (GALVIN v.). See Case No. 5,208.

BOYD (HARRISON v.). See Case No. 6,133.

BOYD (LOVE v.). See Case No. 8,546.

## Case No. 1,748.

### BOYD v. McALPIN.

[3 McLean, 427;[1] 2 Robb, Pat. Cas. 277.]

Circuit Court, D. Ohio. July Term, 1844.

PATENTS—ASSIGNMENT—RECORDING—INFRINGEMENT—SALE OF PRODUCT—INJUNCTION.

1. Under the eleventh section of the act of 1836 [5 Stat. 121] respecting patent rights, the patentee may assign any part of his patent so as to vest in the assignee the legal right. By the same section every assignment of a patent right is required to be recorded in three months, from the time of its execution. A failure to record such patent assignment does not forfeit the right of the assignee.

[Cited in Olcott v. Hawkins, Case No. 10,480; Perry v. Corning, Id. 11,004.]

[See Brooks v. Byam, Id. 1,948.]

2. Should the same right be assigned, after the expiration of the three months, to a stranger, the assignee would hold it, whether he had or had not notice of the previous assignment.

[Cited in Olcott v. Hawkins, Case No. 10,480. Questioned in Perry v. Corning, Id. 11,004.]

3. The sale of the product of a patented machine is not an infringement of the patent.

[Cited in Hogg v. Emerson, 11 How. (52 U. S.) 607.]

[See Simpson v. Wilson, 4 How. (45 U. S.) 709; Goodyear v. The Railroad, Case No. 5,563.]

4. But, if the person who sells is connected with the use of the machine, he is responsible for damages and may be enjoined.

[Cited in Hogg v. Emerson, 11 How. (52 U. S.) 607; Potter v. Crowell, Case No. 11,323.]

5. And this may be done where the court have jurisdiction of the person, although the machine may be used beyond the jurisdiction of the court.

In equity.

Mr. Kenna, for plaintiff.

Mr. Storer, for defendant.

OPINION OF THE COURT. In his bill the plaintiff [Henry Boyd] represents that he holds by assignment the exclusive right, within the county of Hamilton, in this state, to make and sell "a new and useful improvement in the machine for cutting screws on the ends for the rails of bedsteads," pat-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

ented to J. Lindlay [June 20, 1838 (patent No. 797)]. And he charges that the defendant, Henry McAlpin, in connection with one William Brown of Lawrenceburgh, county of Dearborn, and state of Indiana, in disregard of the complainant's right, constructed and has now in operation in the said town of Lawrenceburgh, one or more machines, in all the material parts thereof substantially like and upon the plan and arrangement and contrivance of the machines invented, improved, patented and put in operation by the said Lindlay and described in said letters patent." And the bill prayed for an injunction to restrain the said McAlpin from using said machine or selling the product thereof.

On the filing of the bill a motion is made for an injunction, until the final hearing, &c. And on the argument of this motion it is objected to the defendant's title, that two of the assignments which he claims were not recorded within the time limited by the act of congress, and that they are, consequently, void.

By section 11 of the act of 1836 [5 Stat. 121], the patentee may assign any part of his patent, which assignment shall vest in the assignee the legal right to such part. And the same section provides, "that every such assignment shall be recorded in the patent office, within three months from the execution thereof." In the case of Dobson v. Campbell [Case No. 3,945], Mr. Justice Story held, that under the fourth section of the act of 1793 [1 Stat. 322] "the recording of the assignment was indispensable to convey the right." The words of that section are, "and the assignee having recorded the said assignment in the office of the secretary of state shall, thereafter, stand in the place of the original inventor both as to right and responsibility." After the recording, by the words of that act, the right vested in the assignee; of course it could not vest before the recording. But the act of 1836 affixes no penalty or condition, on a failure to have the assignment recorded in three months. That the assignment takes effect from its date is clear, and if it be not recorded in three months, the act imposes no forfeiture. In this aspect, the question must be considered as between the assignor and the assignee. And it is not perceived how any sound construction of the act can cause the right to revert to the assignor, if the assignee fail to record the assignment within three months. After the expiration of three months, no record having been made of the assignment, if another assignment of the same right shall be made, the last assignment would be valid. The doctrine of notice, as applied to land titles, could not operate in such a case. There is no exception in the statute, as to purchasers without notice. And this seems to me to be the proper effect to be given to the act.

It is insisted that a sale of the thing manufactured by the patented machine, is a violation of the patent. But this position is wholly unsustainable. The patent gives "the exclusive right and liberty of making, constructing, using, and vending to others to be used, the said improvement." A sale of the product of the machine, is no violation of the exclusive right to use, construct or sell the machine itself. If, therefore, the defendant has done nothing more than purchase the bedsteads from Brown, who may manufacture them by an unjustifiable use of the patented machine, still the person who may make the purchase from him has a right to sell. The product cannot be reached, except in the hands of one who is in some manner connected with the use of the patented machine.

There are several patents of mills for the manufacture of flour. Now, to construct a mill patented, or to use one, would be an infringement of the patent. But to sell a barrel of flour manufactured at such mill, by one who had purchased it at the mill, could be no infringement of the patent. And the same may be said of a patented stove, used for baking bread. The purchaser of the bread is guilty of no infringement. But the person who constructed the stove, or who uses it, may be enjoined, and is liable to damages. These cases show, that it is not the product, but the thing patented, which may not be constructed, sold or used. This doctrine is laid down in Keplinger v. De Young, 10 Wheat. [23 U. S.] 358. In that case watch chains were manufactured by the use of a patented machine, in violation of the right of the patentee; the defendant, by contract, purchased all the chains so manufactured, and the court held, that as the defendant was only a purchaser of the manufactured article, and had no connection in the use of the machine, that he had not infringed the right of the patentee.

But in the case under consideration, the bill charges that the defendant, in connection with Brown, constructed the machine patented; and that they use the same in making the bedsteads which the defendant is now selling in the city of Cincinnati. If this allegation of the bill be true, the defendant is so connected with the machine in its construction and use as to make him responsible to the plaintiff. The structure and use of the machine are charged as being done beyond the jurisdiction of the court, but having jurisdiction of the person of the defendant the court may restrain him from using the machine and selling the product. When the sale of the product is thus connected with the illegal use of the machine patented, the individual is responsible in damages, and the amount of his sales will, in a considerable degree, regulate the extent of his liability.

Whether, if the defendant acts as a mere agent of Brown, who constructed the patented machine and uses it in Indiana in making bedsteads, is responsible in damages

for an infringement of the patent and may be enjoined. is a question which need not now be determined. Such a rule would, undoubtedly, be for the benefit of Brown, who, according to the bill, had openly and continually violated the patent in the construction and use of the machine. There are strong reasons why the interest of the principal should, by an action at law, and also by a bill in chancery, be reached through his agent. Injunction allowed, &c.

[NOTE. For another case involving this patent, see Boyd v. Brown, Case No. 1,747.]