## Case No. 2,494.

### CASE v. REDFIELD et al.

[4 McLean, 526;[1] 2 Robb, Pat. Cas. 741.]

Circuit Court, D. Indiana. May Term, 1849.

ASSIGNMENT OF PATENT RIGHT—RECORDING—NO-TICE—ASSIGNEE'S RIGHT IN RENEWAL — ACTION FOR INFRINGEMENT—DECLARATION.

1. It is not essential to the validity of an assignment of a patent right between the parties, or as against strangers, that it should be recorded in the patent office.

[Cited in Perry v. Corning, Case No. 11,004.]

2. The record is notice to purchasers.

[Cited in Perry v. Corning, Case No. 11,004.]

3. An ordinary assignment will not convey to the assignee an interest in the renewed patent.

[Cited in Hodge v. Hudson River R. Co., Case No. 6,559; Jenkins v. Nicolson Pavement Co., Id. 7,273.]

4. The renewal is for the benefit of the inventor, and an interest in it before the renewal must be especially assigned.

5. The individual who holds the original right patented, and also an improvement on that right, must assert his entire right in an action for an infringement.

[Cited in Gamewell Fire-Alarm Tel. Co. v. City of Chillicothe, 7 Fed. 354. Distinguished in Hayes v. Dayton, 8 Fed. 705.]

6. To show a violation of the patent, the declaration need only aver that the defendant has constructed, used, and sold to others, the things patented.

In equity.

Smith & White, for plaintiffs.

Judah & McGaughey, for defendants.

HUNTINGTON, District Judge. The plaintiff claims to be the assignee of the patent right granted to Zebulon and Austin Parker, on the 19th October, 1829, for the term of fourteen years, for the invention of "a percussion and reaction water wheel for mills," etc. And he alleges that on the 27th of June, 1840, the said patentees having invented a new and useful improvement on the above right, a patent [No. 1,658] for the improvement was issued to Zebulon Parker and Robert McKelvey, administrator of Austin Parker, deceased, in trust for his heirs at law, for fourteen years. On the 31st July, 1841, McKelvey, for the consideration of twenty-five hundred dollars, assigned to Zebulon Parker, "all the right, title and interest which said heirs had in said invention and improvement, as secured to them by said letters patent, for the whole of the United States, with certain exceptions, and for the use and behoof of his legal representatives, for which letters patent were or may be granted for said improvements, as fully and entirely as the same would have

[1] [Reported by Hon. John McLean, Circuit Justice.]

been held and enjoyed by said heirs had that assignment and sale not been made." Other assignments were made down to the right asserted by the plaintiff. And the plaintiff avers that the defendants have infringed his right, as stated under the patent.

The defendant demurs to the declaration, and assigns, as causes of demurrer, the following: 1. "That the declaration does not show that any assignment was ever made by the administrator of Austin Parker, deceased, of the extension of the original patent granted to Zebulon and Austin Parker, nor does it show any right in the present plaintiff in but one-half of the present patent." 2. "The declaration is double and multifarious in this, that the plaintiff sues for the invasion in each count, of two separate and distinct rights growing out of separate and distinct patents, that is to say, for the invasion of the original patent granted October 19th, 1829, and also for an invasion of the patent for an improvement granted 27th June, 1840." 3. "The declaration does not set forth in what or by what means, the defendants violated the patents set forth."

There is also a demurrer to the last count in the declaration, which sets out the assignments, but does not aver that they are recorded in the patent office. The assignments are set out in the declaration originally filed, and they are stated to have been recorded in the office; but this can not obviate the objection made by the demurrer to the last count. By the law of congress, the assignments are required to be recorded; but the effect of an omission to have them recorded is not declared. It has been held by Mr. Justice Story, that a failure to record an assignment was not essential to its validity as between the parties and against strangers, and was only necessary by way of notice to purchasers. The same construction has been given to the statute by several circuit courts of the United States, and we think it is the true one. The demurrer to the last count in the declaration is therefore overruled.

In regard to the objection first made on the special demurrer, that there has been no assignment of the interest in the heirs of Austin Parker, in the extended patent, it must be admitted that there has been no assignment of it since the patent was extended; and if there was no assignment of this interest before the extension, the truth of the fact is established, whatever may be its legal effect. In the case of Wilson v. Rousseau, 4 How. [45 U. S.] 646, it was held, that the extension of the patent was given for the benefit of the original inventor or his representatives to compensate him for his expenditures, labor and ingenuity in the invention, and in perfecting it; and that an ordinary assignment of the right in the patentee would not convey any right in the extended patent. But that such an interest, when intended to be assigned, must be ex-

pressed. The original patent of the Parkers was extended for seven years, on the 4th of October, 1843. And, since the extension, there has been no assignment by the heirs of Austin Parker. But the plaintiff relies upon the assignment of McKelvey to Zebulon Parker, on the 31st July, 1841, as transferring the interest of the above heirs in the renewal patent. And it would seem from the language of that assignment this construction of it is sustainable. It appears at the time of this transfer the original patent had but little more than two years to run. And, although one-half of the improvement on the original patent was included in the assignment, yet the improvement without the original invention could not be used, and would be of little value. The sum of twenty-five hundred dollars was the consideration named in the assignment. From this it would be reasonable to infer that the entire interest in the heirs, present and future, in the invention, was intended to be conveyed; so large a sum would not have been paid for one-half of the improvement on the original right, and a moiety of the original patent which would expire in two years. The operative words of the assignment show the intention of the parties. They are, "all the right, title and interest which said heirs had in said invention and improvement as secured to them by said letters patent, for the whole of the United States, with certain exceptions, and for the use and behoof of his (Zebulon Parker's) representatives, for which letters patent were or may be granted for said improvements, as fully and entirely as the same would have been held and enjoyed by said heirs had that assignment not been made." Here is not only a present but a future interest assigned. An interest secured by the present letters patent, or by patents which may (hereafter) be granted for said improvements. This was intended to transfer the right under a renewal of the patent. No other construction can be given to the words used. They can not be made to apply to any correction of a supposed error in the specifications or claims of the patent. Under the law when this assignment was made, the patent was not void for claiming more than was invented. And it is not pretended that there is any want of precision in the specifications. Under the act of 4th of July, 1836 [5 Stat. 124], § 18, for the extension of a patent, it may have been supposed that a new grant would be issued. But a much-shorter mode has been adopted by an indorsement on the original patent.

The second ground of objection in the special demurrer that "the declaration is double and multifarious," is not sustainable. The wrong complained of is for an infringement on the improved patent, not for a violation of the original patent or of the improvement upon the original grant, but of the entire right, united in the plain-tiff, by the different patents and assignments. The right set up is an entirety, and being united in the same individual is not susceptible of a division. Had he divided his cause of action, claiming damages in one case for the infringement of the original patent, and in another for an infringement of the improvement, the actions could not have been sustained. As well might different actions be brought for trespass, upon a close, on the ground that the land was held under distinct titles. The injury done was to the entire close, and that constitutes the ground of the action. It may be admitted that two defendants can not be united in the same action, where each has infringed distinct patents: for in that case there could be no joint defense. There would be no right common to the defendants, and consequently both would be subjected to additional costs and delays by the joinder of the two. But where the original patent and the improvement on it are united in the same person, they constitute a whole, an entire right, and must be asserted as such in an action for an infringement.

The other ground of demurrer, as to the violation of the plaintiff's right is answered by the declaration. The wrong done is alleged in the usual form, that the defendant "made, constructed, used and vended to sundry persons," etc., the said invention. The special demurrer is overruled.

[NOTE. For other cases involving this patent, see note to Parker v. Hatfield, Case No. 10,736.]

---

CASE (UNITED STATES v.). See Cases Nos. 14,742 and 14,743.

---

### CASE OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the names of the parties.]

---

### CASES OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of cases: e. g. "Cases of Silk Ribbons. See Six Cases of Silk Ribbons."]