## LOUDEN *v.* BIRT.

Suit by the assignee against the maker of a promissory note. Pleas, 1. That the note was given for part of the consideration of the purchase of a patent, called, &c., which the seller represented to the defendant would be valuable to him in connection with his trade as a carpenter, and that it was not valuable, &c. 2. That at, &c., it was agreed, &c., that the note should be paid in carpenter work, and that, before the assignment of it, the defendant fully paid the same, according to said agreement. 3. That after the note was executed, it was agreed that the same should be paid in carpenter work, and that, before the assignment thereof, the defendant, in accordance with the terms of said agreement, fully paid and satisfied the same. *Held*, that the first plea was bad; and that the second and third were good, at least upon general demurrer.

In a suit upon a written instrument, a plea which attempts to set up in bar a parol contemporaneous agreement, is bad.

A judgment will not be reversed because an immaterial special plea was not replied to.

The patent act of 1836, requiring the assignment of a patent to be recorded within three months from its execution, is merely directory, and for the protection of *bona fide* purchasers, and does not require the recording of an assignment within that time as a prerequisite to its validity.

ERROR to the *Marion* Circuit Court.

PERKINS, J.—Assumpsit by *Henry Birt* upon a promissory note reading as follows:

*"Indianapolis, May* 20th, 1848.   Six months after date I promise to pay *J. J. Owsley* and *Jacob Landis,* or order, the sum of fifty-eight dollars and thirty-three cents, for value received, without any relief from valuation or appraisement laws.   *A. A. Louden.*"

Nov. Term,
1853.

LOUDEN
v.
BIRT.

Saturday,
December 24.

The note shows an assignment on its back to the plaintiff.

The defendant, *Louden,* pleaded—

1. That said note was given for a part of the consideration of the purchase of a "patent called *Morris's* improvement in door-plates," which, it was represented to defendant, would be valuable to him in connection with his business as a carpenter, and that it was not so valuable to him.

2. That at the time of the execution of said note it was agreed between the parties that it should be paid in carpenter work, as requested by the payees, and that defendant had been at all times ready, &c.

3. That at, &c., it was agreed that said note should be paid in carpenter work, and that, before the assignment of it, defendant fully paid the same according to said agreement.

4. That after said note was executed, it was agreed that the same should be paid in carpenter work, and that before the assignment thereof, defendant, in accordance with the terms of said agreement, fully paid and satisfied the same.

5. That said note was given without consideration.

6. That the consideration of the note was as set out in the first plea, and that the payee had no authority to sell said patent right because the assignment of it to him by the original patentee had not been recorded in the office of the secretary of state of the *United States.*

General demurrer sustained to the first, second, third and fourth pleas.   Replication to the fifth, that said note was not executed without consideration.   The sixth plea

was unanswered. The issue of fact upon the fifth plea was tried and found for the plaintiff, and judgment was rendered in his favor for the amount of the note and interest.

The demurrer was rightly sustained to the first plea. That plea attempts to set up fraud, but its allegations fall far below that defence. It states that the consideration of the note was the transfer of a patent right which the seller told the buyer would be of advantage to him in his business as a carpenter, but which was not so. This does not make out a case of fraud. It does not appear that the seller misrepresented, in any particular, the character of the article sold; and whether or not it would be advantageous to the buyer was mere matter of opinion in relation to which he should have been his own judge. And, further, from aught the plea shows, it may have been the negligence or default of the defendant himself that the patent did not prove advantageous to him. The second plea was bad for attempting to set up a parol agreement contemporaneous with the written one from which it differed.

The sixth plea was unanswered; and as to it there was a trial without an issue, which would have been fatally erroneous, under former decisions of this Court, had the plea set up a valid defence. But the point raised by it, viz., the non-recording of the assignment of the patent in the office of the secretary of state of the *United States*, was a perfectly immaterial one, and, hence, no material issue could have been formed upon the plea. The failure to notice such a plea below will not reverse a case in this Court. Formerly, it was necessary to the sustaining of a suit by an assignee, that the assignment of the patent should be recorded in the office of the *United States* secretary of state. *Higgins* v. *Strong*, 4 Blackf. 182.—*Wyeth* v. *Stone*, 1 Story R. 271. But the law requiring such recording was repealed in 1836, and a recording in the patent office substituted. This latter law, according to the decision of Judge *Story* in *Pitts* v. *Whitman*, 2 Story R. 609, "is merely directory, for the protec-

tion of *bona fide* purchasers, without notice, and does not require the recording of an assignment within three months, as a prerequisite to its validity."

The evidence given upon the trial of the issue upon the plea of no consideration, is spread upon the record. The existence of a patent and the assignment of territory, sale, &c., were proved. The evidence is conflicting as to the patent, or invention, being of any value, though it preponderates in its favor. In such a case we cannot reverse a judgment in favor of the plaintiff. See *Hardesty* v. *Smith*, 3 Ind. R. 39.—*Fowler* v. *Swift, id.* 188.

It remains to consider the third and fourth pleas. They allege that after the note in suit was executed, and before its assignment, it was agreed between the maker and payees that the same should be paid in carpenter work, and that it had been so paid pursuant to the agreement. Had the general issue been in, the defences set up in these pleas could have been given in evidence, if they existed, under it, and hence the decision against the sufficiency of the pleas on demurrer would have been unimportant. But the record states that the general issue was expressly withdrawn before the trial.

Had the pleas in question shown that the agreement changing the mode of payment of the note, was made before it became due, they would have constituted good bars to the action, under the decision in *Ward* v. *Walton*, at the last term of this Court. (1) But they do not show that such was the fact. They would amount to good pleas of accord and satisfaction, if they contained the averment that the work done was accepted in satisfaction; but they do not contain that averment. They can only be taken to severally amount to this, that after the note in suit, which was payable in money, became due, the payee agreed to take, and the payer to give, carpenter work in payment; and that, in pursuance of that agreement, the note had been fully paid and satisfied in carpenter work; and the question is, is a plea with such and no more averments, a bar to an action on the note?

It has been said that "a plea of payment cannot be

supported, unless the payment has been made in money alone." *Sinard* v. *Patterson*, 3 Blackf. 353. But this is not so. Payment may be made in anything that the creditor will accept as payment. And under the general issue, or a general plea of payment, payment in anything that has been accepted, or received as payment, may be proved. And in these cases it is a question for the jury whether what may have been given and received, was a payment or not, in the particular case. This is well settled by modern decisions. See the cases cited in 2 Swan's Pr. 702, 703.—Chitty on Contracts 750.—*Moore* v. *Studden et al.*, Wright's (O.) R. 88.—*Willard* v. *Germer*, 1 Sandf. (N. Y.) R. 50. This being so, it would seem that a plea which averred that payment had been actually made in any manner, should be sufficient. Pleadings must be certain to a common intent. A defendant who sets up payment, or anything else, as a defence, should aver it with that certainty that will inform his adversary and the Court of what is in issue. We see no reason why anything more is required. A plea of payment is not one of those in which it is necessary to set out all the facts, particularly to show that what has been done amounts in law to a payment; but it is sufficient to allege the fact of payment, and it is then determined by the evidence given whether the fact is made out or not. And the very allegation that a debt had been fully paid in a manner stipulated in a previous agreement between the parties, would seem to imply an acceptance of the thing delivered or furnished in payment.

We think the pleas were good, at least upon general demurrer, and that the Court erred in ruling otherwise.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Ketcham* and *N. B. Taylor*, for the plaintiff.

*H. Brown*, for the defendant.

(1) *Ante*, p. 75.