May Term, 1855.

McKERNAN
v.
HITE.

*J. L. Ketcham*, for the plaintiff.

---

McKERNAN *v.* HITE and Another.

To render the assignment of a patent valid, under the act of congress approved July 4, 1836, it is not essential that it shall have been recorded.

*Tuesday,
June 12.*

APPEAL from the *Grant* Court of Common Pleas.

GOOKINS, J.— *McKernan*, as the assignee of *Parker*, brought an action before a justice of the peace, against *Hite* and *Inman*, on a promissory note. On appeal to the Common Pleas there was a trial and judgment for the defendant.

The defence set up was, that the note was given to compromise a claim set up against the makers, for the infringement of a patent right which *Parker*, the payee, alleged he held as assignee; and that his deed of assignment had not been recorded.

It was proved on the trial that the person who took the note from the makers, represented himself to be *Parker's* agent; and that he threatened to sue them for an infringement of the patent; and that the note was given to settle the controversy. The deed of assignment to *Parker* was proved; but there was no evidence that it had been recorded.

It was held by this Court in *Higgins* v. *Strong*, 4 Blackf. 182, that under the 4th section of the act of congress of *February* 21, 1793, the recording of the assignment of a patent, in the office of the secretary of state, was essential to the validity of the assignee's title. See also *Mullikin* v. *Latchem*, 7 Blackf. 136. The language of that statute is as follows: "And the said assignee, having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor, both as to right and responsibility, and so the assignee of assigns, to any degree." 1 U. S. Statutes at Large, 322, sec. 4.

That act is repealed by an act approved *July* 4, 1836, the 11th section of which is as follows: "Every patent shall be assignable in law, either as to the whole interest, or any undivided part thereof, by an instrument in writing; which assignment, and also every grant and conveyance of the exclusive right, under any patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout any specified part or portion of the *United States*, shall be recorded in the patent office, within three months from the execution thereof." 5 U. S. Statutes at Large, 121.

We are not aware that any construction has been put upon this section by the Supreme Court of the *United States;* but the Circuit Court has in several cases held that recording was not essential to the validity of the assignee's title. *Pitts* v. *Whitman*, 2 Story's R. 609.— *Boyd* v. *McAlpin*, 3 McLean 427.—*Case* v. *Redfield*, 4 *id.* 526. By the former act the assignment was not operative for any purpose, until recorded. By the latter, it would be valid for three months at least, without recording; and we know of no principle upon which a legal title, once vested, would, as between the immediate parties, be divested by an omission to put the deed upon record. In *Boyd* v. *McAlpin* the doctrine of notice of an unrecorded conveyance was said not to apply, and that a subsequent assignee who first had his assignment of the same right recorded, would have priority, whether he had notice of the previous assignment or not. If that rule prevails, it will

relieve the subject of much difficulty which would otherwise result from the vending of patent rights throughout so large a territory as the *United States.* No doubt there are great facilities for imposition in the sale of these rights; and the subject ought to be so guarded as that the people may generally avail themselves of inventions and improvements which are really valuable, and at the same time be protected, as far as may be, from fraud and imposition. We do not see that the subject is susceptible of any greater degree of certainty than would be furnished by reference to the records of the patent office, where the prior record would show the prior right, to which the purchaser might always refer before buying. Upon general principles, as we have said, the assignment, without recording, would transfer the right; and we do not see any sufficient reason for not applying the principle here.

The Court erred in holding the assignment void without evidence that it had been recorded, and the judgment must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, with instructions to the Court of Common Pleas to grant a new trial, with costs to abide the event of the suit.

*D. Kilgore* and *J. Brownlee,* for the appellant.

*J. M. Wallace,* for the appellees.