## BLACK *vs.* STONE & CO.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW.]

1. *Registration of assignment of patent-right.*—The registration of an assignment of a patent-right, under the acts of congress, is only necessary by way of notice to subsequent purchasers from the assignors: as between the parties and strangers, the failure to record the assignment does not affect its validity.
2. *Equitable relief against mistake.*—A purchaser, who, through mistake, has received from the vendor a blank piece of paper instead of a deed, cannot obtain relief in equity against the mistake, without showing that, on the discovery of the mistake, he applied to his vendor for a correction of it, or averring a sufficient excuse for his failure to do so.
3. *Jurisdiction of equity where legal remedy is adequate and perfect.*—The assignee of a patent-right, to whom a blank piece of paper instead of a deed of assignment was delivered by mistake, and who has sustained injury in consequence of his inability to obtain legal redress for infringements of the patent, has a complete remedy at law against his vendor, and, therefore, cannot come into equity, without alleging insolvency or some other ground of equitable interposition.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellants, and sought to enjoin two judgments at law which had been obtained against them by the defendants. The facts on which the complainants asked relief, as stated in their bill, were these: In June and August, 1847, the complainants purchased from one Parish, who was the agent of the defendants, the exclusive right to make, use and sell, within the limits of Tallapoosa county, and throughout the region of country covered by the waters of Buck creek, "the premium vertical water-wheel, as patented to Gideon Hotchkiss and Timothy Rose;" and executed their two notes for the purchase-money, one due on the 18th December, 1847, and the other on the 1st January, 1848. At the time these two contracts were made, Parish represented to the complainants that his principals had a valid deed of assignment for the patent-right, duly registered in the patent-office at Washington, and delivered to

them papers which, without examining, they received as valid conveyances of the interest in the patent which they had purchased. On the 14th October, 1848, suit was commenced against complainants on their said notes, and they suffered judgment by default to be rendered against them at the ensuing term of the circuit court; not having then discovered that the consideration of said notes had failed. Afterwards, on learning that one Culberson was selling and using the patent within the limits of Tallapoosa county, without authority from them, the complainants commenced an action at law against him, for an infringement of their rights; but, about the time the cause was ready for trial, they discovered for the first time that Parish, through fraud or mistake, had delivered to them only a blank piece of paper, instead of a deed of assignment of the patent-right for the county; and they were consequently obliged to dismiss their suit. At the same time, they discovered that the other deed, which they had supposed conveyed the patent-right for the country covered by the waters of Buck creek, only conveyed the right to use one pair of wheels on said creek; and this, they charged, was the result of fraud or mistake on the part of said Parish. Afterwards, they caused an examination to be made in the patent-office at Washington, for the deed of assignment which, according to the representations of Parish, conveyed to the defendants the right to sell and transfer the said patent-right; but no deed of assignment could be found; consequently, they charged, their purchase of said patent-right, independent of said fraud or mistake on the part of Parish, was null and void, because the defendants had no right to sell or transfer it, and complainants could not recover damages for any infringement of their rights. The prayer of the bill was for an injunction of the judgments on the notes, and for general relief.

The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

GEORGE W. GUNN, and LEFTWICH, for the appellants.
WM. P. & T. G. CHILTON, contra.

WALKER, J.—The failure to record in the patent-office the assignment to the complainants' vendors did not affect its validity as between the parties and strangers, and such recording was only necessary by way of notice to purchasers from the assignor.—Case v. Redfield & Puett, 4 McLean, 526; Brooks v. Bryan, 2 Story, 525; Boyd v. McAlpin, 3 McLean, 427.

[2.] When the bill says that a blank piece of paper, instead of an assignment, was given by *fraud* or *mistake*, we must adopt the alternative less favorable to the pleaders. We therefore regard the bill as averring, that the blank piece of paper was delivered by mistake. When this mistake was discovered by the complainants, they should, in the absence of any excuse for the omission, have called upon the vendors for a correction of the mistake. The bill avers neither a request tor the correction of the mistake, nor any reason for its omission. The bill, therefore, contains no equity on the ground of that mistake.—Long v. Brown, 4 Ala. 622; Pierce v. Brassfield, 9 Ala. 573; Evans v. Bolling, 5 Ala. 550; Beck v. Simmons & Kornegay, 7 Ala. 71.

The failure to make the transfer of the right to use the patent on the waters of Buck. creek as extensive as the contract, was the result of mistake. This imparts no equity to the bill, for the reasons already stated in reference to the other alleged mistake.

[3.] It was the complainants' own folly to commence a suit for the infringement of the patent, without the evi-dence of an assignment. If they have sustained damage in consequence of their not having the assignment, and therefore not being able to obtain redress for an infringement of the patent, since the judgment was rendered against them, it affords no ground for a resort to chancery, unless insolvency or some other ground of equity had been alleged. The remedy of the complainants is at law.

The decree of the court below is affirmed.

STONE, J., not sitting.