NOTT (UNITED STATES v.). See Case No. 15,900.

NOUGUES (TRAFTON v.). See Case No. 14,-134.

---

## Case No. 10,367.

### NOURSE et al. v. ALLEN.

[4 Blatchf. 376; [1] 3 Fish. Pat. Cas. 63.]

Circuit Court, S. D. New York. Oct. 13, 1859.

PATENTS — PLEADING IN EQUITY — BILL FOR INFRINGEMENT FOUNDED UPON FOUR PATENTS—MULTIFARIOUSNESS—AVERMENT OF TITLE.

1. A bill in equity, founded upon four patents for improvements in reaping machines, they being improvements intended to be used in all such machines. and not limited to any particular machine. and not being necessarily connected together in use, is not bad for multifariousness. on demurrer, where it appears that the machine sued contains all the improvements.

[Cited in Gillespie v. Cummings, Case No. 5,-434; Horman Patent Manuf'g Co. v. Brooklyn City R. Co., Id. 6,703; Gamewell Fire-Alarm Tel. Co. v. City of Chillicothe, 7 Fed. 354; Hayes v. Dayton. 8 Fed. 704; Nellis v. Pennock Manuf'g Co., 13 Fed. 452; Pope Manuf'g Co. v. Marqua, 15 Fed. 400; Deering v. Winona Harvester Works. 24 Fed. 90; Griffith v. Segar, 29 Fed. 707.]

2. A deduction of title to the patents being set forth in the bill. with an averment that the title to them was vested in the plaintiffs, *held,*

that the latter averment would have been sufficient. and that the deduction of title was unnecessary.

In equity. [This was a demurrer to a bill of complaint filed [by Joel Nourse and others] to restrain the defendant [Richard L. Allen] from infringing four separate patents for "improvements in reaping machines."] [2]

George Gifford, for plaintiffs.
J. C. Bancroft Davis, for defendant.

NELSON, Circuit Justice. I. The demurrer to this bill is grounded mainly upon the multifariousness of the matters set up in the bill, namely, four distinct and several patents for as many improvements entering into the construction of what is claimed to be a perfect reaper. These improvements, as patented, are not limited to the improvement of any particular machine, but are intended to be used in any or all of this class. Nor are the improvements, as they enter into the construction of the machine, necessarily connected together, in practical operation and use. Any one or more of them may be omitted. Hence, it is argued, that the bill sets up distinct and independent matters. wholly unconnected, by reason whereof the defendant is compelled, in his answer, to unite different and distinct matters, depending upon different and distinct proofs, thus complicating and embarrassing the defence. It is, undoubtedly, true, that the four different patents set forth in the bill, upon which the defendant is sought to be enjoined, and for the alleged infringements of which damages are claimed, call for separate and distinct defences; and the objection to the bill on the ground of multifariousness would, in a general sense, seem to be well founded, within the settled rules of equity pleading. But, on looking at the case made in the bill, I am inclined to think the objection not maintainable. The bill charges. that the machine made and used by the defendant, and sought to be enjoined, contains all the improvements embraced in the several patents, and, hence. the act of making, vending or using a single machine constitutes an infringement of all of them. The several improvements being capable of a connected use, and being thus connected by the defendant, the convenience of both parties, as well as a saving of expense in the litigation, would seem to be consulted in embracing all the patents in one suit.

A court of chancery allows distinct and separate causes of complaint between the same parties to be joined in one suit, in order to avoid multiplicity of actions, unless it is apparent that the defence will be seriously embarrassed by confounding different and unconnected issues and proofs in the litigation. In this case, although the de-

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, and by Samuel S. Fisher. Esq.. and here compiled and reprinted by permission. The syllabus and opinion are from 4 Blatchf. 376; and the statement is from 3 Fish. Pat. Cas. 63.]

[2] [From 3 Fish. Pat. Cas. 63.]

fences, as respects the several improvements, may be different and unconnected, yet, according to the allegations in the bill, so far as the question of making, vending or using the machine is concerned, the infringement of all the patents is involved, and, to this extent, they are connected with each other. I agree that, if one of these improvements had been charged to have been used upon one machine, and another upon a different machine, there would have been much force in the objections taken to the bill. But, in the aspect in which the case is thus presented, I think they are not well founded. It has not been unusual, in actions at law, in cases of alleged infringements of patents, to count upon two or more patented improvements upon the same machine.

II. It is also objected, that the bill does not set forth a complete title in the plaintiffs to the several patents. The pleader has set out a deduction of the title by numerous assignments, which make the question of title exceedingly complicated; but, as far as I have been able to look into it, I have discovered no defect. I think this deduction of title unnecessary, and that a simple averment that the title to the patents was vested in the plaintiffs would have been sufficient. Such an averment is found in this bill, in addition to the special title set forth.

The demurrer is overruled, and the defendant is directed to answer.