### JOHN S. KIDDER & A. v. EDWIN W. BLAKE & A.

The payee of a note, part of the consideration of which was the sale of intoxicating liquor in violation of the law of this State, having accepted the note with notice, cannot recover upon it against the maker.

Where A., the payee of a note void between himself and B. and C., the makers, for illegality of consideration, surrendered it to B. and D., in whose hands it was equally invalid, *held* that this was not a sufficient consideration for a note from B. and D. to A.

The release by A. of an attachment in a suit brought by him against B. and D. upon their note so given to him, is no sufficient consideration for a promise by D. to A., that "the note should be paid;" and such a promise upon condition that the attachment should be released, and the consequent release of the attachment, will not, in a subsequent suit by A. against B. and D. upon the note, estop D. to deny its validity.

ASSUMPSIT.   Upon the following note :
$4000.                          Manchester, February 26, 1861.
For value received, we jointly and severally promise to pay John S. Kidder and E. C. George, or their order, four thousand dollars on demand with interest semi-annually.

JOHN B. CLARKE,
E. W. BLAKE, ·
E. W. BLAKE & CO.

The defendants were declared against as "partners, jointly negotiating under the firm of E. W. Blake & Co., and the same Edwin W. Blake and the same John B. Clarke as individuals." Blake was defaulted.

December 1, 1857, the plaintiffs, being partners in trade in Manches-

ter, sold their stock of goods to the defendant Blake and one Caldwell, and gave them the following writing :

December 1st, 1857.   Received of Messrs. Blake & Caldwell, seven thousand dollars in full payment for our interest in all the goods and chattels, wares, merchandise and all demands owned by us under the firm of George & Co., at Manchester, N. H., and we do hereby agree to pay all debts outstanding against said firm enumerated in a schedule hereto annexed, and we do put them in full possession thereof.

J. S. KIDDER,
E. C. GEORGE.

The schedule amounted to $7000, and may be referred to in argument.

Blake & Caldwell paid George & Co., $1000, and gave them their notes for $6000, in sums of $500 each.

Blake & Caldwell carried on the business till about April 1, 1860, when Caldwell sold his interest to one Wilkins.   Blake & Caldwell having paid two or three of their notes, by an arrangement between all parties interested, the plaintiffs gave up the rest of the notes against Blake & Caldwell, and took notes signed by Blake & Wilkins for the amount due to the plaintiffs from Blake and Caldwell, in sums of $500 each.   Blake & Wilkins carried on the business till February 26, 1861, when Wilkins sold his interest to Blake, and Blake, as part of the same transaction, and at the same time, sold the same interest to the defendant Clarke.   The bill of sale from Blake to Clarke may be referred to in argument.   It conveyed "one undivided half of the stock of goods, wares and merchandise heretofore owned by Blake & Wilkins in and about their store and cellar on the corner of Elm and Hanover streets, in said Manchester, consisting of (among other things) drugs, medicines, chemicals, liquors, wines, casks, bottles, measures, show cases, fountains, fixtures, &c."   Said bill of sale was witnessed by the plaintiff Kidder.

At the same time, by a similar arrangement between all parties concerned, the plaintiffs gave up the notes which they held against Blake & Wilkins, to the amount of $4000, and took the note in suit.   No inventory of the property was taken when it was sold, but it was sold, on all these occasions, in gross.   A part of the property sold at each sale was intoxicating liquor kept for sale; none of the parties were city agents, or licensed, or authorized by law to sell such liquor, and the plaintiffs were all the time aware of these facts.

The plaintiff Kidder testified, subject to the defendant's exception, that, before the commencement of this suit, he brought a suit against the defendants on the note now in suit, and caused the goods in their store to be attached ; that, while the goods were so attached, the defendant Clarke came to Kidder's store, and said if Kidder would take off his attachment, the note should be paid, and that, in consequence of that promise, Kidder took off the attachment, and dropped the suit.

The Court ordered a verdict for the defendant, and the plaintiffs excepted.

*Morrison, Stanley & Clark*, for plaintiffs.

*S. N. Bell*, for the defendant Clarke.

BARTLETT, J. If the sale of the stock of goods was the consideration for the defendant's note, the plaintiffs cannot recover upon it, for that stock included intoxicating liquors, which neither Blake nor Wilkins had any license to sell. *Coburn* v. *Odell*, 30 N. H. 540. And if the surrender of the notes of Blake & Wilkins be regarded as part of the consideration, the case is not altered, for the illegal sale of the liquors would still form part of the consideration. *Waite* v. *Jones*, 1 Bing. N. C. 656; Story Cont, sec. 459. Nor do we think the plaintiffs could recover in this action, if the surrender of the Blake & Wilkins notes could be regarded as the sole consideration for the note in suit. The original notes of Blake and Caldwell, as between the parties to them, had no legal validity or value, *Fuller* v. *Bean*, 30 N. H. 186, *Bliss* v. *Brainard*, 41 N. H. 261, *Perkins* v. *Cummings*, 2 Gray, 258, *Gray* v. *Hook*, 4 Comst. 449, (and see *Viser* v. *Bertrand*, 14 Ark. 267, 15 U. S. D. 19, sec. 90,) and would have been equally valueless in the hands of an indorsee with notice. Chitty on Bills, *95. It would seem somewhat strange if the surrender of such notes by one, in whose hands they were void, to the maker or another, in whose hands they would be equally invalid, could furnish a sufficient consideration for a note by either of the latter to the former; and if such were the law, it would afford a ready cover for evasions of the statute, for, if the surrender of the notes under such circumstances were a sufficient consideration, the discharge of the claims, for which they were given, would seem equally good. It is not a case of the surrender of a doubtful claim, for the invalidity of the notes was undoubted. The surrender of such notes to the maker would not be a sufficient consideration for a new note between the parties. *Cutler* v. *Welsh*, 43 N. H. 497; Chitty on Bills, * 89. "Consideration means something, which is of some value in the eye of the law, moving from the plaintiff. It may be some benefit to the defendant or some detriment to the plaintiff." Broom Leg. Max. *586, *Thomas* v. *Thomas*, 2 A. & E. (N. S.) 859. Here the original notes having no legal value, their surrender could be no detriment to the plaintiffs and no benefit to the makers or to Blake & Wilkins. *Wade* v. *Simeon*, 2 C. B. 548. Such notes gave no color of title and constituted no cloud upon the title to any property, and the mere fact, that, under certain circumstances, they might avail an innocent holder, cannot give them a legal value in the hands of either of the parties, and without inquiring as to the correctness of the decision in *Sanborn* v. *French*, 22 N. H. 246, we think that the trouble of the surrender cannot, in a case like this, be held a sufficient consideration for the notes given by Blake & Wilkins, for if either of these latter propositions were true, there would be a sufficient consideration for the renewal of the notes between the original parties. The surrender, forbearance or assignment of a claim having no legal validity is not a sufficient consideration for a promise. *Haynes* v. *Thom*, 28 N. H. 386; *Lang* v. *Johnson*, 24 N.

H. 309 ; *Dunbar* v. *Marden*, 13 N. H. 311 ; *Bank* v. *Colcord*, 15 N. H. 124 ; *Sherman* v. *Barnard*, 19 Barb. 291 ; *Higgins* v. *Strong* 4 Blackf. 182 ; Chit. Cont. (10th Am. Ed.) *33, *36, *41, and n. ; 1 Parsons' Cont. *363, 367 ; Story Cont. secs. 436, 442, 443 ; *Farnham* v. *O'Brien;* 9 Shepl. 475 ; *Cabot* v. *Haskins*, 3 Pick. 93 ; *White* v. *Bluett*, 24 L. & Eq. 434.

Upon these principles, the notes of Blake & Wilkins had no legal value, and their surrender, under the circumstances stated in the case, would be no sufficient consideration for the note in suit, which would therefore be without consideration, if it were assumed to be free from any question because of its more direct connection with the illegal sale.

The promise of Clarke to pay the note, if the plaintiffs would release their attachment, is not declared on, and, if it were, could not avail the plaintiffs, as the abandonment of legal proceedings commenced where there is palpably no cause of action, is not a good consideration for a promise.  *Wade* v. *Simeon*, 2 C. B. 548 ; *Tooley* v. *Windham*, Cro. Eliz. 206 ; *Loyd* v. *Lee*, 1 Strange, 94 ; *Haynes* v. *Thom*, 28 N. H. 386.

The defendants are not estopped to contest the validity of their note in this action, for, if the estoppel of Clarke would be sufficient, the declaration being on a joint promise, yet there is no estoppel. In law the release of the attachment was no detriment to the plaintiffs ; they were not induced to take the note by Clarke's promise, which was not the consideration of the note or any representation as to the consideration, and the plaintiffs knowing all the facts were in no way misled as to the validity of the note.  *Odlin* v. *Gove*, 41 N. H. 473 ; *Drew* v. *Kimball*, 43 N. H. 285 ;  3 C. & H. Phil. Ev. 367.   The original validity of the note had nothing to do with the release of the attachment. Kidder chose to make the release, relying on Clarke's promise, which had no legal validity, and the doctrine of estoppel does not apply any more than it would in an action brought upon the promise itself. *Batchelder* v. *Sanborn*, 24 N. H. 480.   There must be

*Judgment on the verdict.*