GAMEWELL FIRE-ALARM TELEGRAPH Co. *v.* CITY OF CHILLICOTHE.[*]

*(Circuit Court, S. D. Ohio.* May, 1881.)

1. PATENTS—PLEADING—MULTIFARIOUSNESS — SEVERAL DISTINCT PATENTS IN ONE BILL.

On demurrer, a bill in equity setting out three distinct patents for improvements in fire-alarms and fire-alarm apparatus, but alleging that all said improvements are used in the infringing machine of defendant, is not bad for multifariousness.

In Equity. Demurrer to Bill for Multifariousness.

This bill is brought for infringement of letters patent, and sets out three separate and distinct patents.

The first patent, No. 76,654, dated April 14, 1868, was issued to Charles G. Page for new and useful improvements in induction-coil apparatus and circuit breakers, and afterwards Priscilla W. Page, as administratrix of C. G. Page, and the Western Union Telegraph Company, as assignee, became exclusive owners of said inventions and letters patent.

Afterwards, on the tenth day of October, 1871, re-issued letters patent

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

for the same inventions were issued to Priscilla W. Page, administratrix of C. G. Page, assignor of half her right to the Western Union Telegraph Company, and marked re-issue No. 4,588.

Afterwards, on the second day of July, 1877, the Gamewell Fire-Alarm Telegraph Company became by mesne assignment the owners and holders of the exclusive right and license to make and use, and to sell to others to use, all or any of the inventions described and claimed in said letters patent, "for the following purposes and no others; that is to say, for the purpose of constructing and operating telegraph wires and instruments within the corporate limits of any of the incorporated cities or villages in any of the states and territories of the United States, when said telegraph lines and instruments are used solely by the municipal authorities of the city, village, or other municipality where the same are erected for fire-alarms, or the transmission of police or other municipal intelligence."

The second patent was issued to J. N. Gamewell, dated April 11, 1871, No. 113,649, for a new and useful improvement in fire-alarm telegraph apparatus.

Afterwards, by mesne assignment, the Gamewell Fire-Alarm Telegraph Company became sole owner of said letters patent. These letters patent were re-issued to the Gamewell Fire-Alarm Telegraph Company, bearing date September 9, 1879, and numbered 8,891.

The third patent was issued to Moses G. Crane and Edwin Rogers, July 6, 1869, No. 92,275, for a new and useful improvement in automatic signal boxes for fire-alarm telegraphs. The Gamewell Fire-Alarm Telegraph Company, by mesne assignment, became sole owner of said letters patent. These letters patent were re-issued to the Gamewell Fire-Alarm Telegraph Company, and marked re-issue No. 4,513, dated August 15, 1871. These re-issued letters patent, No. 4,513, were surrendered, and other letters patent were issued to the Gamewell Fire-Alarm Telegraph Company, and marked re-issue No. 8,896, and dated sixteenth day of September, 1879.

The bill shows that the Gamewell Fire-Alarm Company is the sole owner of re-issued letters patent No. 8,891, and No. 8,896, and the exclusive owner of re-issue No. 4,588, for a limited but definite purpose, viz.: the constructing of fire-alarm telegraph apparatus.

The bill alleges that the defendants, in violation of the rights of the Gamewell Fire-Alarm Telegraph Company, and in infringement of the aforesaid re-issued letters patent Nos. 8,891 and 8,896 and 4,588, unlawfully and wrongfully and in defiance of the rights of the Gamewell Fire-Alarm Telegraph Company, make, construct, use, and vend to others to be used, the said inventions, and did make, construct, use, and vend to others to be used, fire-alarm telegraph apparatus made according to and employing and containing said inventions, and that it continues so to do, and that it is threatening to use the aforesaid infringing apparatus in large quantities.

The bill further alleges that defendant has used and is using large quantities of said fire-alarm apparatus, and prays a discovery thereof.

The bill prays that the "defendant, the city of Chillicothe, its officers, servants, agents, attorneys, and workmen, and each and every of them,

may be restrained and enjoined provisionally and perpetually, by the order and injunction of this honorable court, from directly or indirectly making, constructing, using, vending, delivering, working, or putting into practice, operation, or use, or in anywise counterfeiting or imitating, the said inventions, or any part thereof, or any fire-alarm apparatus made in accordance therewith, or like or similar to those which it is now using."

A demurrer is filed to the bill for multifariousness, in this: "that the same sets forth several and unconnected grants of letters patent to various persons, covering distinct inventions, and asks relief for the alleged infringement thereof jointly."

*Jeptha D. Garrard,* for complainant.

*Banning & Davidson* and *L. M. Hosea,* for defendant.

SWING, D. J. The rule of pleading as to multifariousness is founded on convenience—convenience to the defendant. *McLean, Assignee,* v. *Bank of Lafayette,* 4 McLean, 418; *Fellows* v. *Fellows,* 4 Cow. 682.

This rule forbids the joining of distinct and independent matters in one bill, and thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of different natures against several defendants in the same bill. Story's Eq. Pl. 271; Mitford's Eq. Pl. 181.

Whether this rule applies to any particular bill or not is a question of fact—of fact, as to the nature and extent of interest of the complainant, or some of the complainants, in the causes of action; or of the defendant, or some of the defendants, as to the nature of the causes of action, whether they are distinct in character as well as independent in form, as to the scope of the relief prayed. Story's Eq. Pl. 538, 540, 280. To lay down any rule applicable to all cases cannot well be done. Id. 539.

The cases upon the subject are various, and the courts, in deciding them, seem to have considered what was convenient under particular circumstances, rather than to have laid down any absolute rule. *Campbell* v. *Mackay,* 1 Mylne & Craig, 603. But it may be drawn from the cases, and is in accordance with the reason of the rule, that the test of multifariousness is: What is the burden imposed on the defendant? to what defence is he forced? can he make one defence to the

whole bill? *Attorney General* v. *St. John's College,* 7 Sim. 241; Story's Eq. Pl. 530, 540; Daniell's Ch. Pr. 334–346, notes 1 and 2. The facts in this case present no complication.

The bill shows that re-issues Nos. 8,891 and 8,896 are for improvements in fire alarms, and that the complainant has the right, under re-issue 4,588, of constructing apparatus for fire alarms and the transmission of municipal intelligence, and alleges that the defendant uses each of these inventions in one machine—uses them all in the same machine. It is plain that the use of all these inventions together, to constitute a machine, is the cause of action set out in the bill; the construction of a fire alarm, such as defendant now uses, being the injury complained of and against which an injunction is prayed. Discovery is asked, not of how many machines containing separately the inventions in the several patents mentioned, but how many machines containing all these inventions used together to construct the machine, have been made.

A single defence—we do not make such a machine—meets the whole bill in its allegations and prayer founded on the allegations.

The mere setting out of more than one letters patent in a bill does not of itself render the bill multifarious. *Case* v. *Redfield,* 4 McLean, 526; *Nourse* v. *Allen,* 4 Blatchf. 376.

And it may be said generally that a demurrer for multifariousness will not lie to a bill founded on several letters patent, where all the inventions are set out as constituting one cause of action, and the prayer relates singly, as to discovery and remedy, to a machine constructed according to and containing all said inventions.

Where the discovery is prayed for under special interrogatories as to each letter patent in a manner so particular as to each invention that it is evident on the face of the bill that the relief sought is for infringement of each and every invention, and not for an injury arising from the making and using one machine constructed according to such letters patent, the bill is demurrable.

To escape the objection of multifariousness such a bill

should aver that said inventions are capable of conjoint as well as separate use, and are in fact so used by defendant. *Nellis* v. *Lanahan*, 6 Fisher, 286.

In the bill under consideration the letters patent are properly joined, and, in fact, constitute one and the same cause of action.

The demurrer is, therefore, overruled.

BAXTER, C. J., concurred.

NOTE. *Pleasants* v. *Glasscock*, 1 Smedes & Marsh. Ch. (17 Ch. R. Miss.) 17; *Dick* v. *Dick*, 1 Hogan, (Rolls Court, Ireland,) 290; *Salvedge* v. *Hyde*, 5 Maddux, 138; *Davoue* v. *Fanning*, 4 John. Ch. 199; *Varick* v. *Smith*, 5 Paige, 160; Mitford's Eq. Pl. § 181, note; *Hayes* v. *Dayton*, (S. D. N. Y., Nov., 1880, Blatchford, J.,) 18 O. G. 1406.